[Crim. No. 1696. Second Appellate District, Division Two.—July 11, 1928.]

In the Matter of the Application of FRANCISCO AHUMADA for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

E. J. Lickley, City Prosecutor, and Joe E. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondent.

CRAIG, J.—On the eleventh day of May, 1928, in the municipal court of the city of Los Angeles, Francisco Ahumada was convicted of a misdemeanor committed in said city On the same day he was sentenced to pay a fine of $250, or in default thereof to be confined in the city jail in the proportion of one day for each $10 of the fine unpaid, not to

exceed 25 days. He was then taken to the Los Angeles county jail, where he remained until June 28, 1928, when he was removed to the Los Angeles city jail. It appears that on the tenth day of May, 1928, petitioner was charged by complaint with having committed a felony, and was thereafter immediately arraigned on the last-named charge and lodged in the county jail, which, it will be noted, was on the day previous to his sentence for the misdemeanor. The customary steps in the prosecution of the felony action were taken, terminating on June 28, 1928, in an acquittal of Ahumada. He thereupon at once applied to the sheriff for release, which was refused.

The theory of the petition is that his detention in the county jail, in all, 49 days up to June 28th, was pursuant to the judgment pronounced in the municipal court case, and hence that he is now entitled to his liberty. Respondent insists that such sentence could only be satisfied by imprisonment in the city jail, and that the restraint of petitioner in the county jail was pursuant to the provisions of law authorizing the same pending disposition of the felony charge. It is conceded that the sentence for a misdemeanor might have been imprisonment in the county jail. The decisions cited shed but little light upon the question presented. Leaving the felony charge out of consideration, if, under the sentence pronounced, incarceration in the county jail was illegal, the petitioner might have been released through *habeas corpus.* If such imprisonment would have been lawful it is clear that he is entitled to a discharge.

 Section 1617 of the Penal Code reads, in part: ''Whenever by the terms of this code, or of any other law of the state, it is provided that a prisoner shall be confined in any county jail, such provision shall be construed to authorize the confinement of any prisoner convicted in a municipal or police court to be confined in a city jail of the city in which such conviction was had, and as to such prisoner so confined in such city jail, the designations, county jail and city jail shall be interchangeable.''

That confinement in the county jail upon the misdemeanor charge was authorized in this instance is conceded by respondent, and cannot be doubted. (Pen. Code, secs. 19, 1617.) We think it clear that the language above quoted from section 1617: ''As to such prisoner so confined in such

city jail, the designations, county jail and city jail shall be interchangeable,'' applies and controls here. The county jail became a city jail for the purpose of petitioner's imprisonment. It is as though the city possessed two jails and the sentence had been to one of them by name; in that case it would hardly be argued that imprisonment in either would be unlawful. Since the designation "city jail" in the sentence pronounced in the instant case is interchangeable with the term "county jail," confinement in the last-named place was but carrying out the names of the sentence, no matter what the intention of the jailor may have been.

This conclusion is supported by authority as well as by reason. In *In re Johnston*, 6 Cal. App. 734 [93 Pac. 199], it appeared that the city of San Diego had an arrangement with the county for the use of certain cells in the county jail for city prisoners. The petitioner was convicted of a misdemeanor and sentenced to confinement in the city jail. He was lodged in one of the cells of the county jail rented by the city. It is said in the opinion: "This portion of the county jail, then, to all intents and purposes, is the city jail of the city of San Diego."

The only purpose of detaining one charged with crime pending trial is to guard against his escape and to insure his presence at the trial, and his custody according to law in case of conviction. The attainment of this object and the serving of a sentence pursuant to a judgment after conviction of another criminal offense are entirely consistent. It does no violence to the principle that courts merely construe laws and do not ordinarily give weight to questions of policy to observe that the citizen's loyalty or disloyalty is often dependent upon the degree of fairness with which he is treated by his government. Although it is undoubtedly permitted by law, and justifiably so, that one charged with crime, unable to furnish bail, be held in custody of proper officers pending trial, yet the imposition of such a hardship becomes an injustice where those responsible for the administration of the law do not make all reasonable concessions to avoid it, consistent with the safety of society. Where, as here, a defendant has been pronounced innocent by a jury after trial, beyond dispute the accused was deprived of liberty to which we must admit all human beings have an absolute right. That right was dis-

regarded for the good and protection of the public, a matter of even higher importance than the maintenance of the individual's right. Yet, a real wrong was done the petitioner, but this inequity does not result if his incarceration during the period in question was in conformity with the sentence under which he rested as a result of an offense of which he had been adjudged guilty. A fair consideration of the law prevents an injustice in this case, and in any other for which this might be a precedent.

The writ is granted.

Works, P. J., and Hazlett, J., *pro tem.*, concurred.