[Crim. No. 1711.   Second Appellate District, Division Two.—August 6, 1928.]

In the Matter of the Application of GEORGE BALEN for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

E. J. Lickley, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputy City Prosecutors, for Respondent.

THOMPSON (IRA F.), J.—The petitioner in this case was arrested on May 7, 1928, charged with possession of intoxicating liquors in violation of the Wright Act [Stats. 1921, p. 79]. On May 11, 1928, he plead guilty to this charge and by judgment of the municipal court was ordered confined in the city jail for a period of thirty days or in lieu thereof to pay a fine of $300. On May 10th, after his arrest on the misdemeanor charge, complaint was filed against the petitioner charging him with the possession of a still, a felony, and he was taken from the city jail to the county jail, where he was confined until July 16,

1928, on which date he was granted probation, he having been tried and found guilty of the latter offense on June 20th.

It will be observed that petitioner was confined in the county jail for a period of sixty-seven days, and since his release from the county jail has been confined in the city jail, making a total of eighty-one days' confinement to the time the petition herein was filed. It is· petitioner's contention ·that his detention in the county jail subsequent to May 11th, the day on which he was sentenced on the misdemeanor charge and on which day the commitment issued, is in satisfaction of that judgment. Almost the same situation was presented to us in the case of *In re Ahumada, ante*, p. 152 [269 Pac. 181], the only difference being that in the Ahumada case the petitioner was found not guilty of the felony charge and in the instant case it was determined that he was guilty. It cannot be said, however, that petitioner's detention in the county jail prior to June 20th was any part of the punishment for the more serious crime. For this reason we can see no substantial distinction between the two cases and since we are not persuaded to depart from the conclusion arrived at in that case, which was that the petitioner had served the sentence imposed upon him on account of the misdemeanor, we must hold that petitioner here is also entitled to his liberty.

The writ is granted.

Craig, Acting P. J., and Hazlett, J., *pro tem.*, concurred.